435 A.2d 900

**COMMONWEALTH of Pennsylvania**

**v.**

**Terrance WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 30, 1981.

Filed Oct. 9, 1981.

---

262

Lester G. Nauhaus, Public Defender, Pittsburgh, for appellant.

Kemal A. Mericli, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, President Judge, and BROSKY and HOFFMAN, JJ.

CERCONE, President Judge:

This is a direct appeal from judgment of sentence entered against appellant on charges of burglary and recklessly endangering the life of another. Appellant contends that he has been denied his appeal rights because post-verdict counsel was ineffective. The specific allegation is that post-verdict counsel's failure to file post-verdict motions as to these charges operated as a waiver for appeal purposes of any issue which might have been raised in those motions, and that such failure and the concomitant waiver constituted ineffectiveness.

The only issue which we may consider at this juncture is the legality of the sentence imposed. The sentence falls within the statutory limits for crimes of this type and is therefore legal. Nevertheless, because of appellant's ineffectiveness claim we are constrained to vacate the judgment of sentence and remand the case of an evidentiary hearing on the claim. See *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977) (Footnote 8). If the lower court should find counsel was ineffective then it shall permit the filing of post-verdict motions *nunc pro tunc*. On the other hand, if the court finds counsel was not ineffective it shall order the judgment of sentence reinstated. Jurisdiction relinquished.

Affirmed in part and remanded in part with directives.