567 A.2d 680

**Gaela O'NEILL, Appellant,**

v.

**CHECKER MOTORS CORPORATION and Metro Transportation Company, t/a Yellow Cab Company and Cutco Leasing Corporation.**

Superior Court of Pennsylvania.

Argued Sept. 21, 1989.

Filed Dec. 14, 1989.

432

Gaela O'Neill, appellant, in pro. per.

Joseph F. McNulty, Jr., Philadelphia, Checker Motors, for appellee.

Before TAMILIA, KELLY and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from a final order granting summary judgment in favor of defendant/appellee, Checker Motors Corporation, as against all parties.[1] We affirm.

Appellant, Gaela O'Neill, commenced the personal injury action underlying the instant appeal in November of 1983. Represented by counsel, Ms. O'Neill alleged that on November 29, 1982, she was injured when the steering wheel on a taxicab she was driving collapsed causing the cab to go out of control and strike a guard rail. The complaint alleges that Checker Motors was negligent in failing to properly construct, inspect or warn of problems with the taxi, that Checker warranted the cab as being fit for its intended purposes, and that Checker is strictly liable under Restatement (Second) of Torts § 402A (1965). On November 29, 1988 the Honorable Samuel M. Lehrer entered an order granting summary judgment in favor of defendant/appellee Checker Motors as against all parties.[2] After trial counsel was granted permission to withdraw from representation, appellant subsequently filed the instant timely *pro se* appeal contesting the grant of summary judgment.

Appellee initially argues that we should quash this appeal pursuant to various rules of appellate procedure.[3] We exercise our discretion by declining to take such action because effective appellate review has not been precluded by the deficiencies of appellant's brief. Pa.R.A.P., Rule 105, 42 Pa.C.S.A. *See Hatter v. Landsberg*, 386 Pa.Super.

1. An order granting summary judgment to some, but not to all, defendants in a multiple defendant suit is a final appealable order as to those defendants released from litigation. *French v. United Parcel Service*, 377 Pa.Super. 366, 371–72, 547 A.2d 411, 414 (1988).

2. The Honorable Levan Gordon of the Court of Common Pleas of Philadelphia County, Civil Division, entered an order on December 8, 1988 granting a compulsory nonsuit in favor of defendants/appellees Metro Transportation Company t/a Yellow Cab Company and Cutco Leasing Corporation. A separate appeal has been filed pertaining to that order and it will not be discussed in connection with the instant case.

3. Appellee cites Pa.R.A.P., Rules 2101, 2111, 2114, 2116(a), 2117, 2118, and 2119, 42 Pa.C.S.A.

438, 563 A.2d 146 (1989) and *Bolus v. United Penn Bank,* 363 Pa.Super. 247, 267 n. 2, 525 A.2d 1215, 1225 n. 2 (1987), *allocatur denied* 518 Pa. 627, 541 A.2d 1138 (1988) (declining to quash where effective appellate review was possible despite deficiencies in briefs as filed). We are cognizant of the fact that Ms. O'Neill has prepared the appeal brief on a *pro se* basis. While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. *See, e.g., Mueller v. State Police Headquarters,* 110 Pa.Commw. 265, 268, 532 A.2d 900, 902 (1987). As our supreme court has explained, "any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing." *Vann v. Commonwealth, Unemployment Compensation Board of Review,* 508 Pa. 139, 148, 494 A.2d 1081, 1086 (1985).

As an appellate court, we are bound to consider certain principles which dictate when and under what circumstances a trial court may properly enter summary judgment. *Goebert v. Ondek,* 384 Pa.Super. 100, 103–04, 557 A.2d 1064, 1066 (1989). The trial court must accept as true all well-pleaded facts in the non-moving party's pleadings, and give to him or her the benefit of all reasonable inferences to be drawn therefrom. *Jefferson v. State Farm Insurance,* 380 Pa.Super. 167, 170, 551 A.2d 283, 284 (1988). Summary judgment should not be entered unless the case is clear and free from doubt. *Hathi v. Krewstown Park Apartments,* 385 Pa.Super. 613, 615, 561 A.2d 1261, 1262 (1989). A grant of summary judgment is proper where the pleadings, depositions, answers to interrogatories and admissions on file support the lower court's conclusion that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035, 42 Pa.C.S.A.; *Hatter v. Landsberg, supra,* 386 Pa.Superior Ct. at 440, 563 A.2d at 147–48 (1989). *See Penn Center House, Inc. v. Hoffman,* 520 Pa. 171, 176, 553

A.2d 900, 903 (1989) (entire record before lower court must be thoroughly examined and all doubts as to the existence of a genuine issue of material fact are to be resolved against a grant of summary judgment). We will overturn a trial court's entry of summary judgment only if there has been an error of law or a clear abuse of discretion. *McCain v. Pennbank*, 379 Pa.Super. 313, 318, 549 A.2d 1311, 1313 (1988).

Appellant's claims against Checker Motors stem from allegations that the taxicab she was driving at the time of the accident was improperly constructed and unfit for its intended purposes; that Checker Motors was negligent in failing to inspect or warn of problems with the taxi; and that Checker Motors is strictly liable under Restatement (Second) of Torts § 402A (1965). In her negligence action against Checker Motors as the manufacturer or seller of a product, appellant was required to prove that the product was defective, that the defect caused the injury sustained by appellant, and that in manufacturing or supplying the product, Checker Motors failed to exercise due care. *Dambacher by Dambacher v. Mallis*, 336 Pa.Super. 22, 53, 485 A.2d 408, 424 (1984) *appeal dismissed* 508 Pa. 643, 500 A.2d 428 (1985). To succeed on a malfunction theory, appellant had to present a case-in-chief evidencing the occurrence of the malfunction and eliminating abnormal use or reasonable, secondary causes for the malfunction. *Rogers v. Johnson & Johnson Products, Inc.*, —— Pa. ——, 565 A.2d 751, 754 (1989). A products liability plaintiff who asserts liability due to lack of warning must prove both that the lack of warning was unreasonably dangerous and that it was the proximate cause of the accident. *Staymates v. ITT Holub Industries*, 364 Pa.Super. 37, 51, 527 A.2d 140, 147 (1987). To present a *prima facie* case of strict liability under § 402A,[4] a plaintiff must establish that the product

4. **Section 402A. Special Liability of Seller of Product for Physical Harm to User or Consumer.**
(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

was defective and that the defect caused the plaintiff's injury. *Rogers, supra,* —— Pa. at ——, 565 A.2d at 754; *Sherk v. Daisy–Heddon,* 498 Pa. 594, 598, 450 A.2d 615, 617 (1982).

In the instant case, we have carefully reviewed the parties' briefs and the entire record before us. As an appellate court, we may consider only facts which have been duly certified in the record on appeal. Pa.R.A.P. 1921; *Button v. Button,* 378 Pa.Super. 142, 145, 548 A.2d 316, 318 (1988). It is the duty of the appellant to provide a record which is sufficient to permit meaningful appellate review. *Fox v. Gabler,* 377 Pa.Super. 341, 346, 547 A.2d 399, 401 (1988). Appellant's case, as presented to the trial court, is heavily flawed. The record contains no history of what occurred between the time the vehicle was manufactured and when it was made available to Metro Transportation Company. The record does not inform us about the cab's state of repair when appellant received it,[5] nor can we ascertain the amount of time in which appellant was in sole possession of the vehicle, and the service record or record of the mechanical condition of the cab during that time. In

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Restatement (Second) of Torts § 402A (1965). Our supreme court adopted this approach in *Webb v. Zern,* 422 Pa. 424, 220 A.2d 853 (1966).

5. Appellant leased the taxicab in question from Metro Transportation Company t/a Yellow Cab Company. We note that the lease between the parties contains, *inter alia,* the following language:

5. Taxicab Operation During Lease Period

a. Lessee, before taking possession of a Taxicab shall inspect the Taxicab including testing the brakes, both foot and emergency, lights, signal lights, and all other equipment. Lessee shall not take possession of the Taxicab if any defects are noted and should immediately report same to Lessor. Lessee's taking possession of the Taxicab shall constitute conclusive evidence of Lessee's satisfaction therewith.

sum, the record on appeal simply does not contain the documentation necessary to substantiate any of appellant's negligence claims.

 The second problem with appellant's case is that when Checker Motors filed its motion for summary judgment as against all parties, appellant failed to respond as she was required to do under Pa.R.C.P. No. 1035, 42 Pa.C. S.A. In pertinent part, Rule 1035 provides:

(b) ... The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.

. . . . .

(d) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Checker Motors' unopposed motion for summary judgment averred that after nearly five years of discovery, appellant had produced no facts of record upon which to base any allegation of negligence, breach of warranty, or strict liability. It appears that appellant elected to rest on her pleadings as she made no response to Checker's motion. The mere fact that a party fails to submit countraffidavits does not automatically render summary judgment appropriate. *Marchese v. Marchese*, 457 Pa. 625, 326 A.2d 321 (1974). Nor does the failure to file affidavits, depositions, or other materials in opposition to the moving party' motion guarantee that the motion will be granted. *Wright v. North American Life Assurance Co.*, 372 Pa.Super. 272, 539 A.2d 434 (1988). However, a motion for summary judgment must be granted in favor of a moving party if the other

party chooses to rest on the pleadings, unless a genuine issue of fact is made out in the moving party's evidence taken by itself. *Curry v. Estate of Thompson*, 332 Pa.Super. 364, 368, 481 A.2d 658, 660 (1984); *Carollo v. Forty–Eight Insulation, Inc.*, 252 Pa.Super. 422, 381 A.2d 990 (1977). *See First Mortgage Co. of Pennsylvania v. McCall*, 313 Pa.Super. 54, 459 A.2d 406 (1983) (summary judgment should not be granted unless moving party's evidence, viewed in light most favorable to non-movant, clearly dispels existence of any genuine factual issue). Our review of the instant case, in accordance with all the above outlined standards, has convinced us that the trial court properly granted summary judgment to Checker Motors as against all other parties.

Order affirmed.