# Wounick v. Jefferson Surgery Center

C.P. of Allegheny County, no. GD 95-4794.

*Morley Azorsky,* for plaintiff.
*Richard J. Federowicz,* for defendant.

ORIE MELVIN, *J.,* July 30, 1996—Plaintiff, Mildred Wounick, filed a civil action against defendant Jefferson Surgery Center alleging medical malpractice in regard to the care and treatment rendered to plaintiff by defendant Jefferson Surgery Center in performing a colonoscope. Plaintiff claims that she suffered severe dehydration as a result of early release. In June of 1995, defendant filed a request for production of expert reports pursuant to Allegheny County Local Rule 4003.5. Plaintiff did not respond. On March 22, 1996, defendant filed a motion to compel production of expert reports. On March 25, 1996, the Honorable Stanton Wettick, a judge in the Court of Common Pleas of Allegheny County who handles discovery matters, signed an order of court, ordering the plaintiff to file an expert report within 30 days of the date of the order. Again, plaintiff did not file an expert report. Finally, on May 9, 1996, defendant filed a motion for summary judgment based on plaintiff's failure to submit expert reports. As of the date of oral argument on this motion, plaintiff still had not produced an expert report or deposed any medical witnesses. The motion for summary judgment was granted on June 10, 1996. Plaintiff files this appeal of that order to Superior Court.

The underlying claim in this medical malpractice case is that on January 12, 1995, plaintiff underwent a colonoscope at the Jefferson Surgery Center. According to the plaintiff, she was discharged that same day. Plaintiff submits that later that evening she became dehydrated and suffered renal failure. The next morning she was admitted to Brownsville General Hospital where she was treated for dehydration by Dr. T. Wallia, an internist, and his wife, Dr. R. Wallia, a kidney specialist.

Plaintiff remained hospitalized for 12 days. According to the plaintiff, the allegation is that the Jefferson Surgery Center failed to properly monitor her and discharged her prematurely.

Plaintiff claims in her brief submitted in opposition to the motion for summary judgment that her failure to respond to the first request for the production of expert reports was because it was plaintiff's intention to call the two attending physicians, Drs. Wallia, as witnesses to establish the requisite elements of medical malpractice. Even after Judge Wettick ordered the plaintiff to produce expert reports, plaintiff still contends that she does not intend to present an expert at trial, rather she intends to use, at trial, the two attending physicians who were made known to defense counsel through depositions.

Defendant, on the other hand, asserts in its motion for summary judgment that this is a medical malpractice case, plaintiff is required to produce expert opinion to sustain her claim, plaintiff has failed to provide expert reports and therefore, pursuant to Local Rule 4003.5, defense is entitled to summary judgment. This court agrees.

According to the Pennsylvania Rules of Civil Procedure, a party is entitled to summary judgment when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b). The moving party has the burden to prove that there is no genuine issue of material fact; all doubts are to be resolved against granting the motion. The court should examine the entire record in a light most favorable to the non-moving party. *Penn Center House Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989). The court must accept as true, all well-pleaded facts in the pleadings filed by the non-moving party.

560

*O'Neill v. Checkers Motors Corp.,* 389 Pa. Super. 430, 567 A.2d 680 (1989).

The sole issue for determination in the within matter is whether this court can enter summary judgment in favor of the defendant for plaintiff's failure to provide expert reports. Although it is undisputed that this is an action for medical malpractice, plaintiff submits that an expert opinion is not necessary for her to prove her case. However, in cases of medical malpractice, it has long been determined that the plaintiff must satisfy the burden of proving that the act of the defendant physician or hospital fell below the standard of care owed to him. *Brannan v. Lankenau Hospital,* 490 Pa. 588, 417 A.2d 196 (1980). Clearly, a plaintiff is required to introduce expert testimony to show that the defendant's conduct varied from the accepted medical practice. This requirement stems from judicial concerns that absent guidance of an expert, jurors are unable to determine the causal nexus of the injury to the tortious conduct. While this court recognizes that there may be medical malpractice suits where the connection between the conduct and the injury is so obvious as to excuse expert testimony, plaintiff Wounick's injuries are not so obvious. Plaintiff underwent a colonoscope, became dehydrated and was later treated by Drs. Wallia. Plaintiff's counsel deposed the plaintiff who claimed that "They (Drs. Wallia) just told me, it happened down at Jefferson." This statement by plaintiff alone is not sufficient to explain what happened at Jefferson or if what happened caused the dehydration and subsequent renal failure. Most importantly, plaintiff needs to establish that when a colonoscope results in dehydration and renal failure, this deviates from the accepted standard of medical treatment so as to support a claim for medical malpractice. In other words, if dehydration and renal failure are common side effects of a colonoscope, or usually unavoidable, there is no mal-

practice. Only a qualified expert can testify to the accepted medical standards in such cases. While the plaintiff may be able to qualify either of the Drs. Wallia to testify to this, she still needs to go through the process of qualifying them as expert witnesses and provide the defense with those qualifications in accordance with Allegheny County Local Rules.

The next question is whether defendant has followed the Pennsylvania and Local Rules of Civil Procedure in its attempt to compel the production of the reports. Rule 4003.5(e) of the Allegheny County Civil and Family Rules state that:

"A party who has not received expert reports required to be produced under this rule may file a motion to compel the production of a report and for sanctions pursuant to Pa.R.C.P. 4019. In ruling on a motion to compel, the court shall give consideration to the complexity of the case, the diligence of the parties in making and responding to discovery requests, and other relevant factors. A party who has proceeded with reasonable diligence shall be given a reasonable time in which to complete necessary discovery and to file an expert report."

In the present case, the defendant did file a motion to compel production of expert report on March 22, 1996. Plaintiff does not complain that the order issued on March 25, 1996 by Judge Wettick is unreasonable. Nor did plaintiff seek an extension from Judge Wettick. Plaintiff's counsel in his brief in opposition to the motion for summary judgment excuses the lack of an expert report by arguing that an expert is not necessary in this case. Again he asserts that he intends to use Drs. Wallia to support the claim of medical malpractice and that no expert is needed. Therefore, this court must rule on the defendant's motion for summary judgment.

The ultimate question is whether the plaintiff's failure to provide expert reports in a medical malpractice case

(where such reports are necessary to establish the causation element of the negligence alleged) can be the basis of a summary judgment in favor of the defendant. According to Allegheny County Local Rule 4003.5(h):

"[T]he failure to provide reports when required by court order entered pursuant to subsection (e) of this rule may be used in supporting or opposing motions for summary judgment."

In the present case, it is undisputed that this is an action for medical malpractice and that the plaintiff was under order of court to produce expert reports within 30 days of March 25, 1996. It is also undisputed that as of the date of the order granting summary judgment, plaintiff had not complied. In Allegheny County, according to Rule 4003.5(h):

"The failure to provide reports when required by court order entered pursuant to subsection (e) of this rule may be used in supporting or opposing motions for summary judgment." Local Rules of Allegheny County Court of Common Pleas Rule 4003.5(h).

This rule allows the court to enter judgment in favor of the defendants for failure of the plaintiff to produce expert reports. Reviewing the complaint, this court finds that because of the special medical information needed to understand this case, an expert opinion is necessary for the plaintiff to sustain its burden. Accepting as true all well-pleaded facts in the pleadings filed by the plaintiff, plaintiff still does not have the required medical expert opinion to support the claim of malpractice. Therefore, pursuant to the Pennsylvania Rules of Civil Procedure and the Local Rules of Allegheny County Court of Common Pleas, this court entered judgment in favor of the defendant for failure of the plaintiff to produce expert reports. Accordingly, for the foregoing reasons, the defendant's motion for summary judgment was properly granted.