J-S50001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| R.B. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| J.A. | |
| & | |
| J.B. | |
| APPEAL OF: R.B. & J.B. | 1805 MDA 2015 |

Appeal from the Order Entered September 17, 2015
in the Court of Common Pleas of Lackawanna County Orphans' Court
at No(s): 2011 FC 40380

BEFORE: MUNDY, STABILE, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:                **FILED JULY 20, 2016**

R.B. ("Paternal Grandmother") and J.B. ("Father") (collectively, "Appellants") appeal, *pro se*, from the order entered September 17, 2015, that directed (1) J.A. ("Mother") to attend co-parenting with Ann Marie Termini, (2) all prior terms of the September 1, 2011 custody order shall remain in effect, and (3) the  female child of Mother and Father, J.M.B. ("Child") (born in February of 2010), to attend Valley View School District for the 2015-2016 school year.

On March 16, 2011, Paternal Grandmother filed a complaint in custody against Mother and Father seeking partial custody of Child.  On August 25, 2011, Mother filed a petition for emergency special relief seeking primary

---

[*] Former Justice specially assigned to the Superior Court.

physical custody of Child. On that same date, the trial court awarded Paternal Grandmother temporary custody of Child until further order. On September 1, 2011, the trial court adopted the agreement for custody of the parties, including Paternal Grandmother, and entered it as an order of court. Under the agreed order, the parties shared legal custody, and Mother and Father shared physical custody.

On August 14, 2013, Mother, acting *pro se*, filed a petition for contempt against Father, seeking primary physical custody and sole legal custody of Child. On September 3, 2013, Paternal Grandmother and Father filed a motion to dismiss. No disposition appears in the record.

On September 10, 2015, Mother, though counsel, filed a petition for contempt and emergency special relief in custody. On September 17, 2015, the trial court held a hearing, and entered the order on appeal.

On October 15, 2015, Paternal Grandmother and Father timely filed a notice of appeal, and complied with the trial court's October 19, 2015 order directing them to file a concise statement of errors complained of on appeal.

As a prefatory matter, we observe the following:

> [I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b).
>
> This Court will not act as counsel and will not develop arguments on behalf of an appellant.

> Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*Commonwealth v. Kane*, 10 A.3d 327, 331-32 (Pa. Super. 2010) (citations omitted).

> While this court is willing to liberally construe materials filed by a pro se litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, "any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing."

*O'Neill v. Checker Motors Corp.*, 567 A.2d 680, 682 (Pa. Super. 1989) (citations omitted).

We have carefully reviewed Appellants' brief, which lacks, *inter alia*, a statement of questions involved, *see* Pa.R.A.P. 2116, and citations to and analyses of applicable Pennsylvania legal authority. *See* Pa.R.A.P. 2119(a). Other than the Pa. Code, Appellants do not cite or analyze any Pennsylvania caselaw whatsoever. Although we liberally construe Appellants' brief, we are barred from acting as their counsel and advancing their arguments.[1] *See Kane*, 10 A.3d at 331-32. Accordingly, we dismiss the appeal.

Appeal dismissed.

---

[1] We also note the relief they asked for is moot, as the 2015-16 school year has ended.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2016