J-A18009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE:  ESTATE OF MARGARET ANITA HOWARD, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| ANITA B. SCHWENK, EXECUTRIX OF THE ESTATE OF MARGARET ANITA HOWARD, | |
| Appellee | |
| v. | |
| DOUGLASS E. HOWARD, JR., | |
| Appellant | No. 2065 MDA 2015 |

Appeal from the Order Entered November 5, 2015
In the Court of Common Pleas of Dauphin County
Orphans' Court at No(s): 2213-0875

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:        **FILED SEPTEMBER 29, 2016**

Douglass E. Howard, Jr., (Mr. Howard) appeals *pro se* from the November 5, 2015 order that denied and dismissed his motion to compel compliance with the joint stipulation and his motion for summary judgment. We quash.

We begin by quoting the orphans' court's rendition of the factual basis underlying this appeal:

> This case has a somewhat convoluted history.  Anita B. Schwenk [Ms. Schwenk] was appointed as the Executrix of the Estate of Margaret Anita Howard pursuant to Decedent's Last Will and Testament dated May 30, 2013.  In her duties as

---

[*] Former Justice specially assigned to the Superior Court.

Executrix, [Ms. Schwenk] filed a Petition for Ejectment in order to eject [Mr. Howard] from the real property that was owned by the Estate. We scheduled a [h]earing for May 13, 2014, at which time the parties came to an agreement whereby [Ms. Schwenk] would withdraw as Executrix and [Mr. Howard] would be appointed Administrator. This Agreement was recorded in the Transcript of Proceedings, and both [Ms. Schwenk] and [Mr. Howard] verbally acknowledged that they agreed to the terms as read into the record.

A written copy of the Agreement was sent to [Mr. Howard] on June 26, 2014, but [he] refused to execute it. Thereafter, [o]n July 22, 2014, [Ms. Schwenk] filed a Petition to enforce the Petition for Ejectment and to find [Mr. Howard] in contempt for failing to fully execute the Agreement. After this [c]ourt issued a Citation to [Mr. Howard] as to why the Petition should not be granted, [Mr. Howard] signed the Agreement on July 31, 2014.

On September 25, 2014, [Mr. Howard] filed a "Motion to Compel Compliance with the Joint Stipulation" that was directed to [Ms. Schwenk]. [Mr. Howard] claimed that [Ms. Schwenk], when she transferred the Estate funds to [him], did not transfer the entire amount to which the Estate was entitled. He asserts that the Joint Stipulation provided that $2,578.04 was remaining in the Estate funds after all of the agreed upon expenses were paid, but he was only provided a check in the amount of $140.08. In response, [Ms. Schwenk] asserted that Estate funds were expended after the settlement agreement was reached on May 13, 2014 as a direct result of [Mr. Howard's] dilatory conduct in failing to sign the Agreement until July 31, 2014.

We held a hearing on July 6, 2015, at which time [Mr. Howard] and [Ms. Schwenk] testified and presented evidence. [Mr. Howard] presented very little in the way of evidence in support of his Petition, other than his testimony that he made some calculations based on the Joint Stipulation and determined that he should have received $2,578.04 but only received a check for $138 and some change. [Mr. Howard] did not present any documents to support this testimony. [Ms. Schwenk] testified regarding Estate expenses that had been paid out of the Estate Account, and presented copies of the bank records for the Estate account, which documented these expenses. After this [h]earing, we denied [Mr. Howard's] Motion to Compel by Order dated November 5, 2015. Appellant has appealed this Order.

Orphans' Court Opinion (OCO), 1/26/16, at 1-2.

We have reviewed Mr. Howard's brief and discern that he seeks this Court's reversal of the orphans' court's order that refused to grant his motion to compel. However, because Mr. Howard's brief extensively violates the Rules of Appellate Procedure, we must quash his appeal. ***Rabutino v. Freedom State Realty Co., Inc.***, 809 A.2d 933, 937 n.3 (Pa. Super. 2002) (stating that this Court has the power to quash an appeal if the brief violates the Rules of Appellate Procedure); ***see also*** Pa.R.A.P. 2101 (directs that briefs "shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief … of the appellant and are substantial, the appeal or other matter may be quashed or dismissed").

The general rule relating to an appellant's brief directs:

**(a) General rule.**—The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.
(2) Order or other determination in question.
(3) Statement of both the scope of review and standard of review.
(4) Statement of the questions involved.
(5) Statement of the case.
(6) Summary of argument.
  …
(8) Argument for appellant.
(9) A short conclusion stating the precise relief sought.

(10)  The opinions and pleadings specified in Subdivisions (b) and (c) of the rule.

(11)  In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111.

In an attempt to mitigate his possible briefing errors, Mr. Howard's brief begins with a request that this Court take notice of his *pro se* status. In response, we quote from **Smathers v. Smathers**, 670 A.2d 1159 (Pa. Super. 1996), wherein this Court explained:

> Nevertheless, this *pro se* representation does not relieve appellant of [his] duty to properly raise and develop [his] appealable claims.  In **O'Neill v. Checker Motors Corp.**, we noted the following:
>
> > While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training.  As our supreme court has explained, "any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing."
>
> 389 Pa. Super. 430, 434, 567 A.2d 680, 682 (1989) (citations omitted).

**Smathers**, 670 A.2d at 1160.

Specifically, Mr. Howard includes the following three sections in his brief.  They are entitled:  (1) Relevant Factual and Procedural Background, (2) Brief in Support of Appellant, and (3) Conclusion.  The second section appears to include fifteen separate "issues" with a "discussion" and

- 4 -

"suggested answer," but provides no reference to the record or to any legal authority. *See* Pa.R.A.P. 2119(b) and (c). Moreover, Mr. Howard's brief is single-spaced throughout and, therefore, does not comply with Pa.R.A.P. 124(3), which indicates that text must be double-spaced, except for quotations longer than two lines. Mr. Howard has also not included *inter alia* a statement of jurisdiction, the order appealed from, or statements of our scope and standard of review.

More importantly, Mr. Howard has failed to include a Statement of Questions involved and, thus, he violates Pa.R.A.P. 2116, which states in pertinent part:

> **(a) General rule.** The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. *No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby*.

*Id.* (emphasis added).

As in *Smathers*, even with a liberal construction of Mr. Howard's brief, we are unable to ascertain what he is attempting to argue. "We decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *Smathers*, 670 A.2d at 1160 (quoting *Commonwealth v. Sanford*, 445 A.2d 149, 150 (Pa. Super. 1982)). Having attempted to review this matter

to the extent possible and having noted Mr. Howard's failure to conform to the Rules of Appellate Procedure, we are compelled to conclude that he has waived all issues he has attempted to raise. We cannot emphasize enough the lack of clarity of Mr. Howard's brief, which has frustrated this Court in its attempt to perform a meaningful review. Accordingly, we quash this appeal because any issues Mr. Howard has attempted to raise are waived.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2016