J-S47005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DERRICK MUCHINSON | |
| Appellant | No. 1952 EDA 2016 |

Appeal from the Judgment of Sentence June 2, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005403-2015

BEFORE:  LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY LAZARUS, J.:　　　　　**FILED AUGUST 03, 2017**

Derrick Muchinson appeals, *pro se*,[1] from his judgment of sentence, entered in the Court of Common Pleas of Philadelphia County.  Muchinson was found guilty, following a non-jury trial, of simple assault[2] and possession of an instrument of crime[3] after he pulled a box cutter on a McDonald's customer.  On April 6, 2016, Muchinson was sentenced to five years of probation.  Because of the deficiencies in Muchinson's brief, we are unable

---

[1] After a ***Grazier*** hearing, Muchinson was permitted to proceed *pro se* on appeal.  ***See*** Trial Court Order, 11/28/16; ***see also Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998) (when defendant seeks waiver of right to counsel at post-conviction and appellate stages, trial court must conduct on-the-record determination that waiver is knowing, intelligent, and voluntary).

[2] 18 Pa.C.S. § 2710(a).

[3] 18 Pa.C.S. § 907(a).

to discern what issues he wishes to raise or the arguments he wishes to present to this Court. Accordingly, we dismiss his appeal.

Pursuant to Pa.R.A.P. 2101:

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101. We also bring Rule 2111 to Muchinson's attention. That rule provides:

**Rule 2111. Brief of the Appellant**

**(a)** **General rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matter, separately and distinctly entitled and in the following order:

(1)  Statement of jurisdiction.
(2)  Order or other determination in question.
(3)  Statement of both the scope of review and the standard of review.
(4)  Statement of the questions involved.
(5)  Statement of the case.
(6)  Summary of argument.
(7)  Argument for appellant.
(8)  A short conclusion stating the precise relief sought.
(9)  The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.
(10)  In the Superior Court, a copy of the statement of the matters complained of on appeal filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a Rule 1925(b) statement was entered.

**(b)** **Opinions below.** There shall be appended to the brief a copy of any opinions delivered by any court or other government unit below relating to the order or other

> > determination under review, if pertinent to the questions involved.

Pa.R.A.P. 2111.

A review of Muchinson's brief evidences almost a complete failure to abide by the Pennsylvania Rules of Appellate Procedure. In fact, his brief consists of a table of contents, a page listing the cases and statutes cited, and a section titled "Appellant's Reply to Appellee's False Conviction." We recognize that Muchinson is *pro se*, however, as noted in **Commonwealth v. Rivera**, 685 A.2d 1011 (Pa. Super. 1996):

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing.

*Id.* at 1013 (quotation omitted). The **Rivera** court concluded that "we decline to become the appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." *Id.*

Recognizing that Muchinson has ignored the Pennsylvania Rules of Appellate Procedure by failing to include most of what the rules require, we conclude that we are unable to conduct a meaningful review. Accordingly, we dismiss the appeal. Pa.R.A.P. 2101.

Appeal dismissed.

- 3 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/3/2017</u>