J-S08004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN T. STAGNER | : | |
| | : | No. 226 WDA 2017 |
| Appellant | | |

Appeal from the PCRA Order January 5, 2017
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000795-2004,
CP-26-CR-0000804-2004

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN T. STAGNER | : | |
| | : | No. 227 WDA 2017 |
| Appellant | | |

Appeal from the PCRA Order January 5, 2017
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000795-2004,
CP-26-CR-0000804-2004

BEFORE: LAZARUS, J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.: **FILED APRIL 20, 2018**

John T. Stagner appeals, *pro se*, from the order entered January 5, 2017, dismissing his request for post-conviction collateral relief, pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. For the reasons that follow, we quash this appeal.

_____

* Former Justice specially assigned to the Superior Court.

On March 15, 2004, the Commonwealth charged Stagner with possession of child pornography, to which he pleaded guilty on January 12, 2005. Following sentencing, Stagner filed his first PCRA petition on March 30, 2005. On April 5, 2005, the PCRA court denied Stagner's petition. Stagner filed a second PCRA petition on January 6, 2006, which the PCRA court denied on June 6, 2006. On December 5, 2016, Stagner filed a *pro se* motion to dismiss charges, which the trial court treated as a PCRA petition and dismissed on December 16, 2016. The trial court filed an amended order of dismissal on January 5, 2017. On February 3, 2017, Stagner filed a timely notice of appeal. On February 7, 2017, the PCRA court ordered Stagner to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925; however, Stagner has not included a copy of his Rule 1925(b) statement in his brief nor is it present in the certified record. Pursuant to Rule 1925(a), the PCRA court issued a statement in lieu of opinion.[1]

Following review of the certified record and the parties' briefs, we are unable to discern what arguments Stagner wishes to present to this Court; his brief is facially deficient. To begin, we refer Stagner to the general rule that requires that briefs conform to the Pennsylvania Rules of Appellate Procedure. Rule 2101 states:

---

[1] In its statement, the trial court simply stated as follows: "AND NOW, this 27th day of February 2017, upon consideration of [Stagner's] [c]oncise [s]tatement of [m]atters [c]omplained of on [a]ppeal, and the record, this Court will rely on its order of December 15, 2016, and will issue no further opinion." The trial court's December 15, 2016 statement is two pages long and concludes that Stagner's PCRA petition raises no issues of material fact.

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

We also bring Rule 2111 to Stagner's attention. That rule provides:

**Rule 2111. Brief of the Appellant**

**(a)** **General rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matter, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.
(2) Order or other determination in question.
(3) Statement of both the scope of review and the standard of review.
(4) Statement of the questions involved.
(5) Statement of the case.
(6) Summary of argument.
(7) Argument for appellant.
(8) A short conclusion stating the precise relief sought.
(9) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.
(10) In the Superior Court, a copy of the statement of the matters complained of on appeal filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a Rule 1925(b) statement was entered.

**(b)** **Opinions below.** There shall be appended to the brief a copy of any opinions delivered by any court or other government unit below relating to the order or other determination under review, if pertinent to the questions involved. . . .

Pa.R.A.P. 2111.

Stagner's brief includes only the following sections: (1) Statement of Jurisdiction, (2) Order in Question, (3) Scope and Standard of Review, and (4) Statement of the Questions Involved.[2]  Absent from Stagner's brief is a statement of the case, a summary of his argument, an argument supported by citation to the proper authorities, a conclusion, and a copy of his statement of the maters complained of on appeal filed pursuant to Pa.R.A.P. 1925(b). *See* Pa.R.A.P. 2111(a)(5)-(10).  Additionally, Stagner has failed to append to his brief a copy of the order issued by the PCRA court pursuant to Rule 1925(a).  *See* Pa.R.A.P. 2111(b).

Our review of Stagner's brief evidences almost a complete failure to abide by the rules of court.  Recognizing that Stagner has ignored the Pennsylvania Rules of Appellate Procedure by failing to include most of what the rules require, including, *inter alia*, argument supported by citation to the proper authority, the order appealed from and its accompanying Rule 1925(a) statement, we conclude that we are unable to conduct a meaningful review.

Beyond this, it is apparent that Stagner has handled most of this case without legal representation, i.e., *pro se*; therefore, he argues in his "reply brief" that this Court should overlook the form of his brief and provide him

---

[2] We summarize Stagner's issues as follows:  (1) Whether the court erred by denying Stagner's motion for remand for appointment of counsel? (2) Whether defense counsel was ineffective? (3) Whether the court imposed an unfair sentence?

ample opportunity to complete it.[3]  Under the instant circumstances, we are unable to do so, and thus, we rely on our Court's discussion in **Commonwealth v. Rivera**, 685 A.2d 1011 (Pa. Super. 1996), wherein we stated:

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training.  As our supreme court has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing.

*Id.* at 1013 (quoting **O'Neill v. Checker Motors Corp.**, 567 A.2d 680, 682 (Pa. Super. 1989)).  As the **Rivera** court concluded, "we decline to become the appellant's counsel." *Id.* (quoting **Commonwealth v. Sanford**, 445 A.2d 149, 150 (Pa. Super. 1982)). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." *Id.*

We are compelled to quash this appeal due to the numerous defects in Appellant's brief, which we conclude prevent us from conducting a meaningful review.

Appeal quashed.

---

[3] Stagner, in his reply brief, argues that he failed to meet the standards set forth in Rule 2111 solely due to limited access to the law library and a word processor.  Reply Brief of Appellant, at 3.  Additionally, we note, Stagner's reply brief does not include a cogent argument supported by citation to the proper authorities regarding the issues raised in his initial brief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  4/20/2018