J-S24003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JERMAINE TERRELL MILLER :
:
Appellant : No. 1284 MDA 2017

Appeal from the PCRA Order July 24, 2017
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000626-2014

BEFORE: OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED JUNE 13, 2018**

Appellant, Jermaine Terrell Miller, appeals *pro se* from the order entered on July 24, 2017, dismissing his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546. We affirm.

We have previously summarized the facts underlying Appellant's convictions:

> [Appellant's convictions] stem from an incident that occurred on March 13, 2014, when Appellant, believing that his mother had stolen his identity, made threatening and harassing phone calls to his mother, sister, and brother. In particular, Appellant threatened to kill his mother if she did not confess to his accusations of theft. The situation escalated when Appellant arrived at his mother's home later that afternoon. A physical altercation ensued when Appellant's brother attempted to remove Appellant from the property. Once Appellant's brother had Appellant restrained, he instructed Appellant to leave. However, upon being freed, Appellant grabbed a kitchen knife and chased his brother out of the house, slashing at him and threatening to kill him. The family called police who arrived and observed Appellant throw the

> knife across the street.  Appellant was subsequently arrested and charged with [terroristic threats, simple assault, and disorderly conduct.[1]]
>
> The matter proceeded to a jury trial, at which Appellant chose to represent himself.  On August 3, 2015, Appellant was found guilty of all charges.  On September 2, 2015, Appellant was sentenced to an aggregate term of 40 to 84 months' incarceration.

*Commonwealth v. Miller*, 154 A.3d 848 (Pa. Super. 2016) (unpublished memorandum) at 1-2.  We affirmed Appellant's judgment of sentence on July 8, 2016.  *Id.*

On August 3, 2016, Appellant filed a timely, *pro se* PCRA petition and the PCRA court appointed counsel to represent Appellant during the proceedings.  However, on May 9, 2017, appointed counsel filed a no-merit letter and a request to withdraw as counsel, pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

---

[1] 18 Pa.C.S.A. §§ 2706(a)(1), 2701(a)(3), and 5503(a)(1), respectively.

On July 24, 2017, the PCRA court summarily dismissed Appellant's PCRA petition.[2] Appellant then filed a timely, *pro se* notice of appeal.[3]

Appellant numbers nine issues on appeal. However, the argument section of Appellant's brief is incomprehensible – there is simply no coherent discussion of any appealable issue within Appellant's brief. **See** Appellant's Brief at 5-6. This defect substantially impedes our ability to perform appellate review of Appellant's claims; as such, we conclude that Appellant has waived all of his claims on appeal. **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) ("[w]hen briefing the various issues that have been presented, it is an appellant's duty to present arguments that are sufficiently developed for our review. . . . This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a

---

[2] The PCRA court failed to issue Appellant notice that it intended to dismiss the petition without holding a hearing. **See** Pa.R.Crim.P. 907(1). As we have explained, "[a]lthough the notice requirement set forth in Rule 907 has been held to be mandatory," where an appellant fails to object to the omission of the notice, the appellant "has waived the issue." **Commonwealth v. Boyd**, 923 A.2d 513, 514 n.1 (Pa. Super. 2007). In the case at bar, Appellant does not claim that the PCRA court erred when it failed to issue the Rule 907 notice. **See** Appellant's Brief at 1-7. As such, Appellant has waived any claim of error with respect to this issue.

[3] On August 30, 2017, this Court remanded the case to the PCRA court and instructed the PCRA court to determine whether Appellant was properly proceeding *pro se* on appeal. Order, 8/30/17, at 1. On September 8, 2017, the PCRA court issued an order, declaring that it had inadvertently failed to grant appointed counsel's petition to withdraw. PCRA Court Order, 9/30/17, at 1. Therefore, on September 8, 2017, the PCRA court issued an order that granted appointed counsel's petition to withdraw. **Id.**

brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived") (internal citations omitted); ***O'Neill v. Checker Motors Corp.***, 567 A.2d 680, 682 (Pa. Super. 1989) ("[w]hile this Court is willing to liberally construe materials filed by a *pro se* litigant, . . . [a *pro se*] appellant is not entitled to any particular advantage because she lacks legal training").

Order affirmed. Jurisdiction relinquished.

Judge Musmanno joins this Memorandum.

Judge Kunselman files a Concurring Statement in which Judge Musmanno joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/13/2018