J-A20026-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID TYRONE TRICE, JR. | : | |
| | : | |
| Appellant | : | No. 333 WDA 2018 |

Appeal from the Order February 13, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0002363-2017

BEFORE: BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.: FILED AUGUST 3, 2018

David Trice appeals pro se from the order, entered in the Court of Common Pleas of Allegheny County, following his summary convictions for one count each of duties at stop sign,[1] driving an unregistered vehicle,[2] operating a vehicle without valid inspection,[3] and evidence of emission inspection.[4] After careful review, we quash.

Trice was found guilty of the above-mentioned summary offenses and ordered to pay a $150 fine, plus costs. Trice filed a summary appeal from these convictions. Neither Trice nor his citing officer appeared for the de novo

_____

[1] 75 Pa.C.S.A. § 3323(b).

[2] 75 Pa.C.S.A. § 1301(a).

[3] 75 Pa.C.S.A. § 4703(a).

[4] 75 Pa.C.S.A. § 4706(c)(5).

hearing that was held on February 13, 2018. Accordingly, the trial court dismissed the summary appeal and judgment was entered against Trice. See Pa.R.Crim.P. 462(D). This timely pro se appeal follows.

Trice has failed to adhere to the Pennsylvania Rules of Appellate Procedure. See generally Pa.R.A.P. 2111; 2114-2119. Specifically, he fails to provide this Court with a concrete issue to be reviewed and also fails to set forth any argument, case law or other authority relevant to the entry of his summary convictions. Due to the numerous defects in Trice's brief, we are prevented from conducting a meaningful review. See Pa.R.A.P. 2101 (briefs shall conform in all material respect with requirements of appellate rules as nearly as circumstances of particular case will admit; if defects in brief are substantial, appeal may be quashed or dismissed); see also Commonwealth v. Sanford, 445 A.2d 149 (Pa. Super. 1982) (when issues are not properly raised and developed in briefs and when briefs are wholly inadequate to present specific issues for review, our Court will not consider merits of case). Thus, we quash the appeal.[5]

_____

[5] In Commonwealth v. Rivera, 685 A.2d 1011 (Pa. Super. 1996), our Court stated:

> While this court is willing to liberally construe materials filed by a pro se litigant, we note that appellant is not entitled to any particular advantage because []he lacks legal training. As our [S]upreme [C]ourt has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some

Appeal quashed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/3/2018</u>

_____

reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing.

Id. at 1013 (quoting O'Neill v. Checker Motors Corp., 567 A.2d 680, 682 (Pa. Super. 1989)).