J-A19016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| L.M.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.L.B. | : | |
| | : | |
| Appellant | : | No. 608 MDA 2018 |

Appeal from the Order Entered March 26, 2018
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s):  S-362-16

BEFORE: GANTMAN, P.J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:                    **FILED AUGUST 09, 2018**

Appellant J.L.B. (Father) appeals *pro se* from the order denying his petition for modification of custody.  We dismiss the appeal due to deficiencies in Father's brief.

On February 29, 2016, Appellee L.M.B (Mother) filed a complaint for divorce and requested shared legal and physical custody of A.M.B. (Child).  On April 13, 2016, the trial court entered an interim order granting the parties shared legal custody, and ordering that Mother have primary physical custody and Father have partial physical custody.[1]  **See** Interim Order, 4/13/16.

On April 22, 2016, Father filed a *pro se* petition to modify the custody order.  **See** *Pro Se* Pet. for Modification of a Custody Order, 4/22/16.  On August 5, 2016, following a custody trial, the trial court entered an order

_____

[1] Father has represented himself throughout the proceedings.

granting shared legal custody to both parties, primary physical custody to Mother, and partial physical custody to Father. *See* Order, 8/5/16.

Father subsequently filed two additional *pro se* petitions to modify the custody order.[2] *See Pro Se* Pet. for Modification, 10/10/16;[3] *Pro Se* Pet. for Modification, 12/28/16. In an order disposing of the latter petition, the trial court essentially restated its August 5, 2016 custody order, which granted both parties shared legal custody, Mother primary physical custody, and Father partial physical custody. *See* Order, 6/9/17.

Appellant filed the instant, fourth *pro se* petition to modify custody on December 20, 2017. *Pro Se* Pet. for Modification, 12/20/17. On March 21, 2018, the trial court held a custody trial on the petition. On March 26, 2018, the trial court entered an order granting Mother sole legal custody and primary physical custody of Child, with Father having partial physical custody. *See* Order, 3/26/18. The trial court also issued an opinion setting forth its reasoning. *See* Trial Ct. Op., 3/26/18, at 1-11. Father filed a motion for reconsideration, which the trial court denied on April 9, 2018.

On April 2, 2018, Father filed a *pro se* timely notice of appeal and a Pa.R.A.P. 1925(b) statement. On April 9, 2018, the trial court filed a Pa.R.A.P.

---

[2] Father also filed several *pro se* petitions for contempt against Mother for allegedly violating the custody orders, all of which the trial court denied.

[3] On November 30, 2016, the trial court dismissed Father's October 10, 2016 petition with prejudice in response to Mother's motion to dismiss Father's petition. *See* Order, 11/30/16. Father did not take an appeal from this order.

1925(a) opinion incorporating its previous opinions dated August 5, 2016, June 9, 2017, and March 26, 2018.

Father raises the following question on appeal:

Has the [trial] court abused it's [sic] power, and discretion of applying the law correctly [sic] in my Child [sic] custody case, and have they abused my daughter's and my civil rights in there [sic] decisions?

Father's Brief at 3.

As a prefatory matter, we observe the following:

[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b).

This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*Commonwealth v. Kane*, 10 A.3d 327, 331-32 (Pa. Super. 2010) (some citations omitted); *accord Chapman-Rolle v. Rolle*, 893 A.2 770, 774 (Pa. Super. 2006). "While this [C]ourt is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because []he lacks legal training." *O'Neill v. Checker Motors Corp.*, 567 A.2d 680, 682 (Pa. Super. 1989) (citations omitted).

We have carefully reviewed Father's brief and find the defects in it to be substantial. Father has included no citation to any statute, rule, or case, and

fails to develop any argument applying a principle of law to the facts of this case. *See* Pa.R.A.P. 2119(a). Indeed, Father's argument section consists of one long paragraph, which is largely incomprehensible. *See* Father's Brief at 9-11. Although we liberally construe Father's brief, we are barred from acting as his counsel and developing arguments on his behalf. *See Kane*, 10 A.3d at 331-32. Accordingly, we are constrained to dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2018