J-A04006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANITREA RAGIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KIM YESLEE | : | No. 2566 EDA 2018 |

Appeal from the Order Entered August 15, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  180800976

BEFORE:  LAZARUS, J., KUNSELMAN, J., and COLINS*, J.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED JANUARY 23, 2019**

Anitrea Ragin appeals *pro se* from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing her complaint as frivolous pursuant to Pa.R.C.P. 240(j)(1).[1]  After careful review, we quash.

On August 13, 2018, Ragin filed a complaint loosely alleging dental malpractice (negligence and breach of contract) and seeking over $200,000

---

[1] Pursuant to Rule 240(j):

(1)   If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j)(1).

*Retired Senior Judge assigned to the Superior Court.

in damages in connection with her visit to Appellee's office. On August 14, 2018, the trial court granted Ragin *in forma pauperis* status, but dismissed her complaint for failure to state a claim upon which relief can be granted. This timely *pro se* appeal follows.

Ragin has failed to adhere to the Pennsylvania Rules of Appellate Procedure. **See generally** Pa.R.A.P. 2111; 2114-2119. Specifically, she fails to provide this Court with a concrete issue to be reviewed and also fails to set forth any cogent argument, case law or other authority relevant to the entry of the court's order dismissing her complaint. Due to the numerous defects in Ragin's brief, we are prevented from conducting a meaningful review. **See** Pa.R.A.P. 2101 (briefs shall conform in all material respect with requirements of appellate rules as nearly as circumstances of particular case will admit; if defects in brief are substantial, appeal may be quashed or dismissed); **see also Commonwealth v. Sanford**, 445 A.2d 149 (Pa. Super. 1982) (when issues are not properly raised and developed in briefs and when briefs are wholly inadequate to present specific issues for review, our Court will not consider merits of case). Thus, we quash the appeal.[2]

---

[2] In **O'Neill v. Checker Motors Corp.**, 567 A.2d 680 (Pa. Super. 1989), our Court stated:

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because []he lacks legal training. As our [S]upreme [C]ourt has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/23/19</u>

---

reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing.

*Id.* at 682.