J-S09023-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| ALICE ALBERSTADT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM ALBERSTADT | : | |
| | : | |
| Appellant | : | No. 973 WDA 2018 |

Appeal from the Order Entered June 8, 2018
In the Court of Common Pleas of Erie County Civil Division at No(s):
10555-2018

BEFORE:   PANELLA, P.J., LAZARUS, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY LAZARUS, J.:                    FILED APRIL 18, 2019

William Alberstadt (Husband) appeals, pro se, from the order, entered in the Court of Common Pleas of Erie County, denying his motion for special relief and granting Alice Alberstadt's (Wife) motion for attorney's fees. Because Husband failed to comply with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, we quash this appeal.

On July 6, 2018, the Honorable Joseph M. Walsh, III, entered an order requiring Husband to file a Rule 1925(b) statement within twenty-one days. The order stated: "Any issue not properly included in the Statement, timely filed and served pursuant to the Rule, shall be deemed waived."   Order, 7/6/18.  Husband did not comply with this order; Judge Walsh stated, in his Rule 1925(a) opinion, that he was "without specific guidance as to the grounds for Husband's appeal."  Trial Court Rule 1925(a) Opinion, 8/7/18, at 2. The

_____
*   Retired Senior Judge assigned to the Superior Court.

trial court docket indicates that notice of the court's order was provided to the parties,[1] and Husband acknowledges in his brief on appeal that he received notice of the court's order on July 16, 2018.  See Appellant's Brief, at 28.  No Rule 1925(b) statement was filed; instead, on July 26, 2018, Husband filed an "Application for Stay of Appeal."

In Commonwealth v. Lord, 719 A.2d 306 (Pa. 1998), our Supreme Court held that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925.  Any issues not raised in a [Rule] 1925(b) statement will be deemed waived." Id. at 309.  This Court has held that "[o]ur Supreme Court intended the holding in Lord to operate as a bright-line rule, such that 'failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised.'"  Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc., 88 A.3d 222, 224 (Pa. Super. 2014) (en banc) (emphasis in original) (quoting Commonwealth v. Schofield, 888 A.2d 771, 774 (Pa. 2005).

---

[1] See Greater Erie, supra at 226 (stating that "[i]n In re L.M., 923 A.2d 505, 510 (Pa. Super. 2007), this Court held that a failure by the prothonotary to 'give written notice of the entry of a court order and to note on the docket that notice was given' will prevent waiver for timeliness pursuant to Pa.R.A.P. 1925(b)").

We conclude, therefore, that Husband has waived his claims on appeal.[2] See J.P. v. S.P., 991 A.2d 904, 908 (Pa. Super. 2010) (stating "waiver rule applies to family law cases."), quoting In re L.M., supra at 509; see also Jones v. Jones, 878 A.2d 86 (Pa. Super. 2005) (when a court has to guess what issues appellant is appealing, that is not enough for meaningful review).

Appeal quashed.[3]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2019

---

[2] Although this Court may construe pro se briefs liberally, pro se status confers no special benefit upon Husband. See G.B. O'Neill v. Checker Motors Corp., 567 A.2d 680, 682 (Pa. Super. 1989); Commonwealth v. Lyons, 833 A.2d 245, 252 (Pa. Super. 2003).

[3] On January 31, 2019, Melanie Lynne Hoover, Esquire, co-counsel for appellee Alice Alberstadt, filed a "withdrawal of appearance" with this Court, which the Prothonotary of this Court has docketed as an "Application to Withdraw as Counsel." Upon consideration of the "Application," and upon noting that Wife continues to be represented by James H. Richardson, Esquire, attorney Hoover's "application to withdraw as counsel" is GRANTED. Wife's request for counsel fees is denied. See Pa.R.A.P. 2744.