J-A29028-19
J-A29029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EDWIN M. FISCHL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| AXA LIFE INSURANCE COMPANY, | : | No. 583 WDA 2019 |
| THE EQUITABLE OF COLORADO, INC, | : | |
| THE EQUITABLE LIFE ASSURANCE | : | |
| SOCIETY OF THE UNITED STATES | : | |
| AXA  ADVISORS, LLC JOHN | : | |
| WALDRON SOURCE CAPITAL, LTD. | : | |
| PHILIP SCHULTE RJL GROUP LTD., | : | |
| ROBERT J. LINKOWSKI, STEVE | : | |
| LINKOWSKI, EQUITABLE OF | : | |
| COLORADO INC.-RJL GROUP AXA | : | |
| EQUITABLE LIFE INSURANCE | : | |
| COMPANY AXA ADVISORS- | : | |
| SPAGIONE FINANCIAL, BUCHANAN | : | |
| INGERSOLL P.C. | : | |

Appeal from the Order Entered, February 19, 2019,
in the Court of Common Pleas of Allegheny County,
Civil Division at No(s):  GD-18-007053.

| | | |
|---|---|---|
| EDWIN M. FISCHL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| AXA LIFE INSURANCE COMPANY, | : | No. 890 WDA 2019 |
| EQUITABLE OF COLORADO, INC.-RJL | : | |
| GROUP, JOHN WALDRON, PHILIP | : | |
| SCHULTE, AXA  ADVISORS- | : | |
| SPAGIARE FINANCIAL | : | |

J-A29028-19
J-A29029-19

Appeal from the Order Entered, June 11, 2019,
in the Court of Common Pleas of Allegheny County,
Civil Division at No(s): GD-18-007053.

EDWIN FISCHL, III             :    IN THE SUPERIOR COURT OF
                              :          PENNSYLVANIA
              Appellant       :
                              :
                              :
                              :
        v.                    :
                              :
                              :
                              :
BUCHANAN INGERSOLL & ROONEY,  :    No. 891 WDA 2019
P.C., BUCHANAN INGERSOLL PC,  :
LAWRENCE KUREMSKY, ESQUIRE,   :
PNC BANK, ANDREA FISCHL, EDWIN :
C. FISCHL, MARTA FISCHL AND   :
JACQUELINE EASLEY             :

Appeal from the Order, Entered June 7, 2019,
in the Court of Common Pleas of Allegheny County,
Civil Division at No(s): GD-18-007208.

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED JANUARY 17, 2020**

Edwin M. Fischl, III, appeals *pro se* from orders entered in two related

cases, which he filed against his parents (Dr. Edwin C. Fischl and Andrea

Fischl), his sister (Marta Fischl), various attorneys, individuals and entities

having anything to do with two irrevocable trust agreements established by

his parents for the benefit of their four children. Mr. Fischl claims the assets

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

of the trusts were mismanaged to his detriment as a potential trust beneficiary. For the reasons that follow, we affirm the orders of the trial court dismissing his claims.

Mr. Fischl initially filed two lawsuits in Allegheny County, one in the civil division, GD 18-7208 and one in orphans' court, 7613 of 2018. The orphans' court matter was transferred to the civil division and became case GD 18-7053. The two complaints are nearly identical except for the caption. In his nearly 200 paragraph Complaint, Mr. Fischl attempts to allege various causes of action surrounding a 1989 irrevocable trust agreement and a subsequent 1990 irrevocable trust agreement. The 1989 agreement's only asset was a life insurance policy on Dr. Fischl, Mr. Fischl's father (a $1,000,000 policy). The 1990 agreement's only asset was a new life insurance policy on Dr. and Mrs. Fischl, (a $500,000 "second-to-die" policy). Mr. Fischl first learned of these trust agreements in 2014 when the trustee, his uncle Bernard Easley, passed away. Complaint ¶ 54.

Mr. Fischl believes he suffered financial harm by the lapse of the first insurance policy in the 1989 trust. He seeks to recover damages from those individuals and entities he believes caused this harm. He listed several counts in his Complaint, including Breach of Contract, Violations of the Unfair Trade Practices and Consumer Protection Law (UTPCPL), Conversion, Fraudulent Misrepresentation, Negligent Misrepresentation, Unjust Enrichment, and "All other Claims."

The various defendants all filed preliminary objections to the Complaint which the trial court sustained. At case GD 18-7208, Judge Colville initially sustained preliminary objections with prejudice as to three counts, but granted Mr. Fischl leave to amend as to the remaining counts. Mr. Fischl never filed an amended complaint. As a result, a few months later, Judge Ignelzi entered judgment for the defendants on the remaining counts.

At case GD 18-7053, Judge Ignelzi sustained preliminary objections with prejudice as to all counts.[1] Mr. Fischl filed an appeal as to both cases. This court granted a motion to consolidate the appeals on October 1, 2019. Both cases were assigned to this panel, who heard argument on December 4, 2019.[2]

We begin by noting that Mr. Fischl's appellate brief fails to conform to Rule of Appellate Procedure 2111, which requires an appellant to organize his brief in separate, identifiable sections in the following order:

(1) Statement of jurisdiction.
(2) Order or other determination in question.

---

[1] Initially, Judge Ignelzi sustained the preliminary objections on February 19, 2019. Mr. Fischl filed several motions for reconsideration, which the trial court denied. In his 1925 (a) opinion, Judge Ignelzi indicates that he held a hearing on June, 7, 2019 for both cases, at which time he dismissed all of Mr. Fischl's claims with prejudice.

[2] Fischl has filed Applications for Relief in which he asks this Court to incorporate exhibits and submit additional information regarding these appeals. Because Fischl's appeals have been consolidated, we have reviewed all pertinent exhibits and other information that appears in the certified record for both cases. Thus, we deny Fischl's Applications for Relief.

(3) Statement of both the scope of review and the standard of review.
(4) Statement of the questions involved.
(5) Statement of the case.
(6) Summary of argument.
(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.
(8) Argument for appellant.
(9) A short conclusion stating the precise relief sought.
(10) The opinions and pleadings specified in paragraphs (b) and (c) of this rule.
(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.
(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111.

Pursuant to Appellate Rule 2101, if the defects in the brief are substantial, the appeal may be quashed or dismissed. Pa.R.A.P. 2101.

Mr. Fischl is representing himself in this matter. However, a litigant who represents himself is not entitled to any special benefit under the rules. In *O'Neill v. Checker Motors Corp.*, 567 A.2d 680 (Pa. Super. 1989), our court stated:

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because he lacks legal training. As our Supreme Court has explained, any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.

*Id.* at 682. (citation omitted; some formatting). *See also*, *Hoover v. Davila*, 862 A.2d 591, 595-96 (Pa. Super. 2004) ("A *pro se* litigant is not absolved

from complying with procedural rules."); ***First Union Mortgage Corp. v.***

***Frempong***, 744 A.2d 327, 333 (Pa. Super. 1999) ("A *pro se* litigant is granted

the same rights, privileges and considerations as those accorded a party

represented by counsel; however, *pro se* status does not entitle a party to any

particular advantage because of his or her lack of legal training.").

Although Mr. Fischl attempted to find legal counsel, there is no right to

counsel in a civil proceeding.   U.S. Const. amend. VI. ("In all criminal

prosecutions, the accused shall enjoy the right . . . to have the Assistance of

Counsel for his defence.").   He is not entitled to the appointment of counsel

as he requested.

Because the trial court addressed the merits of this appeal, and we are

able to ascertain the basis of Mr. Fischl's claims, we decline to dismiss or quash

based on Mr. Fischl's substantially defective brief.  In his concise statement of

matters to be raised on appeal, Mr. Fischl identified the following issues:

> ISSUES TO BE RAISED ON APPEAL
> Dismissal of one or more defendants with prejudice; Consolidation
> of cases;   Clarification of Judge Assignment; Transfer issues
> between cases including plaintiff's orphans' court case transfer;
> Ownership; Official Court Appointment of ownership/ fiduciaries/
> administrators needs to be ordered; Significant unlawful
> decreases to the death benefit of the contracts.

Concise Statement, 4/7/19, at 6 (unpaginated).

Primarily, Mr. Fischl contends that his claims against the defendants

should not have been dismissed with prejudice.  In reviewing a challenge to

an order sustaining preliminary objections in the nature of a demurrer, we are guided by the following:

> Our review of a trial court's order sustaining [] preliminary objections in the nature of a demurrer is plenary. Such preliminary objections should be sustained only if, assuming the averments of the complaint to be true, the plaintiff has failed to assert a legally cognizable cause of action. We will reverse a trial court's decision to sustain preliminary objections only if the trial court has committed an error of law or an abuse of discretion.

*Kramer v Dunn*, 749 A.2d 984, 990 (Pa. Super. 2000) (internal citations omitted).

> All material facts set forth in the complaint as well as all inferences reasonably [deducible] therefrom are admitted as true for [the purpose of this review]. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

*Wawa, Inc., v. Alexander J. Litwornia & Assoc*., 817 A.2d 543, 544 (Pa. Super. 2003) (quotation omitted).

The trial court recognized that dismissing a claim without leave to amend is rare. T.C.O., 8/4/19 at 3. However, the court believed this is the rare type of case where dismissal is appropriate. *Id*. "To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff on the facts averred." *Id*. (quoting *McGuire v. Shubert*, 722 A.2d 1087, 1090 (Pa. Super. 1998). The court reviewed each of Mr. Fischl's purported claims and determined that they all lacked merit, and that any opportunity to amend would be pointless.

We agree with the trial court's analysis of each of Mr. Fischl's claims and adopt it as our own. T.C.O. 8/14/19 at 4-8 (finding no breach of contract claim because Mr. Fischl was not a party or third party beneficiary to any contract; no UTPCL claim because Mr. Fischl did not make a purchase of goods or services; no conversion claim because there was nothing to steal, since trust will not be funded until the death of his parents who are still alive;[3] no fraud or misrepresentation because Mr. Fischl was not a party to any dealings with the defendants, he does not stand in the shoes of his parents, and he did not allege claims with particularity; no unjust enrichment because Mr. Fischl claimed a written contract existed, and no specific benefit was taken by defendants to his detriment; no "other claim" as none is specified).[4]

_____

[3] Mr. Fischl claims he is presently entitled to his ¼ share of the cash value of the policy. However, in order to distribute the assets of the trust prior to the death of his parents, **all** of the beneficiaries would have to agree. If they do not, then Mr. Fischl has no current claim to this asset. The policy is still in place, his parents are still alive, and thus, there is no cash from the trust to distribute at this time.

[4] As a courtesy, we explain why Mr. Fischl suffered no harm regarding the termination of the original life insurance policy purchased. He believes because the 1989 trust containing that policy was irrevocable, he must be entitled to some money. Mr. Fischl fails to understand that although the trust was irrevocable, it was never fully funded. The trust's only asset was an insurance policy that was only partially paid for, using money that his parents gifted to the trust. However, it was discovered that the trustee purchased the policy **before** the trust was created, and then the trustee transferred the policy to the trust. To avoid possible federal income tax issues if Dr. Fischl died within the first 3 years of that policy, the trust had to be created first and the policy purchased second. When the lawyer who was advising Dr. and Mrs. Fischl realized the timing of events with the Fischl's 1989 trust, he immediately contacted them to advise them of the risks involved should the trustee

In his brief, Mr. Fischl also complains generally about several other recent issues involving the 1990 trust, including: 1) the appointment of his sister, Marta Fischl, as the replacement trustee following the death of the original trustee, Bernard Easley, in 2014 and the renunciation of the successor trustee, Jacqueline Easley;[5] 2) the trustee using dividends from the policy to pay current premiums due; and 3) the lack of notices of "Crummey rights" to the beneficiaries.[6]   Although mentioned cursorily in his brief, none of the

_____

continue with the original insurance policy.  Letter 5/5/1990 at 2-4.   It appears, that upon advice of counsel, the trustee allowed the first policy to lapse.  This was within the trustee's discretion.  Since this policy was cancelled within the first year it was purchased, the cash value would have been worth less than the premiums paid.   Moreover, the law firm that discovered the error with the establishment of the 1989 trust refunded the money that Dr. and Mrs. Fischl gifted to pay for premiums on the initial policy, and the trustee used the refunded money to purchase the substitute policy placed in the 1990 trust.  Letters 8/24/90 and 4/24/91.  Again, the trustee had full discretion to allow the first policy to lapse and to purchase the new policy for the 1990 trust, even though the second policy was not the same type of policy and had a different death benefit.  As such, the beneficiaries of the 1989 trust suffered no financial harm.  It is unclear whether the letters referenced here are part of the certified record.  These letters had no bearing on our decision; we reference them solely to explain to Mr. Fischl why he has no viable claim regarding the lapse of the policy in the 1989 trust.

[5] Mr. Fischl also claims he should be appointed as the trustee/special fiduciary.

[6] "Crummey rights" come from the landmark 1968 Ninth Circuit decision, ***Crummey v. Commissioner,*** 397 F.2d 82 (9th Cir. 1968).  To have a present interest under ***Crummey***, a trust beneficiary must be legally and technically capable of immediately possessing the gifted property, and have a reasonable opportunity to do so. A trust agreement usually requires the trustee to provide to each beneficiary a notice of withdrawal rights within a reasonable time ***after any gift subject to a withdrawal right is made to the trust***.  Indeed, the 1990 trust provides for these notices at §1.2, for each year in which either

counts in Mr. Fischl's Complaint alleged a specific cause of action with respect to any of these issues. Moreover, Mr. Fischl does not develop any argument regarding these issues in his brief, and he cites no authority for his position. As such we deem any argument on these issues to be waived. ***Hawkey v. Peirsel***, 869 A.2d 983 (Pa. Super. 2005) (stating failure to cite to relevant authority resulted in waiver of issue presented on appeal).

The parties are directed to attach a copy of the trial court opinion to this decision in the event of future proceedings.

Applications for Relief denied. Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/17/2020

---

grantor makes a contribution of property to the trust. Because it does not appear that any gifts were made to the trust since the original life insurance policy was purchased, the trustee did not have to provide Mr. Fischl or the other beneficiaries any notice of withdrawal rights.

# IN THE COURT OF COMMON PLEAS
## OF
# ALLEGHENY COUNTY, PENNSYLVANIA

EDWIN M. FISCHL III,

       Plaintiffs;

       v.

AXA LIFE INSURANCE COMPANY,
EQUITABLE OF COLORADO, INC. -RJL
GROUP,
JOHN WALDRON, PHILIP SCHULTE,
AXA ADVISORS-SPAGIARE
FINANCIAL,

       Defendants.

CIVIL DIVISION

G.D. No. 18-007053

EDWIN FISCHL, III,

       Plaintiff,

       vs.

BUCHANAN INGERSOLL & ROONEY,
P.C., BUCHANAN INGERSOLL PC,
LAWRENCE KUREMSKY, ESQUIRE,
PNC BANK, ANDREA FISCHL, EDWIN
C. FISCHL, MARTA FISCHL, and
JACQUELINE EASLEY,

       Defendants.

GD No. 18-007208

**Opinion**

DEPT OF COURT RECORDS
CIVIL DIVISION
ALLEGHENY COUNTY PA
19 AUG 14 PM 9: 02
FILED

# Opinion

## Factual Summary

The factual background of this matter is somewhat convoluted. On November 9, 2018, Plaintiff filed a 200-paragraph complaint alleging breach of contract, violation of Unfair Trade Practices and Consumer Protection Law, conversion, fraudulent misrepresentation, negligent misrepresentation, unjust enrichment, and "all other claims." In his complaint, Plaintiff incorporates allegations and facts regarding a separate case docketed at GD 18-7208 of which this Court's colleague, the Honorable Robert Colville initially retained jurisdiction[1], which was subsequently transferred to this Court by Order of Administrative Judge Christine Ward. The complaints are nearly identical save for the caption. Case GD 18-7053 initiated as an Orphans Court matter which was subsequently transferred to the Civil Division by Administrative Judge Lawrence O'Toole. Since this time Plaintiff has filed a plethora of motions requesting transfers between divisions, to be appointed a trustee, and several appeals. The Plaintiff has made a habit of filing multiple motions with several different jurists, as a result the docket in this case is self-explanatory.

As far as this Court is able to discern, Mr. Fischl believes he is (possibly) a beneficiary of an irrevocable trust established by his parents. This trust is to be funded by the life insurance proceeds of his parents. Mr. Fischl's parents (at the time of the writing of this opinion) are not deceased. There have been two trusts. The first trust was established in 1989 and was later dissolved upon the creation of the subsequent, and present, trust in 1990. Plaintiff is of the belief the old trust would have been more profitable than the new trust, and allegedly this was known by the Defendants in this case. Each Defendant was in some way involved in the trust as an

---

[1] Judge Colville has since transferred to the Criminal Division.

administrator, servicer, issuer, lawyer, etc. Plaintiff was never a party to any of the contracts nor did he serve in any capacity other than a future beneficiary of the trust. Despite the dissolution of the 1989 trust, Mr. Fischl appears to be of the belief it contains a great deal of money of which he is entitled to a share. Plaintiff's complaint is so nonspecific, as to render this Court unsure of what assets Plaintiff believes he is entitled.

## Procedural History

As a preliminary matter, this Court must note this case presents as nothing short of a procedural "train wreck." Mr. Edwin M. Fischl ("Plaintiff") has two docket numbers/cases which he has at times tried to litigate as one. This has resulted in motions, decisions, and orders before multiple members of the bench. In an attempt to achieve uniformity and clarity in the matter the Administrative Judge of the Civil Division assigned all of Plaintiff's matters (both GD 18-7208 and GD 18-7053) to this member of the Court for disposition. The docket in this case largely speaks for itself.

## Case GD 18-7208

On March 26, 2019, this Court's colleague, the Honorable Robert Colville, sustained Defendant's Preliminary Objections as to Counts I, II, and VII of Plaintiff's pro-se complaint. Plaintiff was granted leave to file an amended complaint as to all remaining counts. Despite the myriad of filings at this docket number, Plaintiff never filed an amended complaint. This Court entered judgment for Defendants on the remaining counts on June 7, 2019.

## Case GD 18-7053

On February 19, 2019, after consideration of briefs and oral argument, this Court granted/sustained Defendant's Preliminary Objections and dismissed Plaintiff's pro-se complaint with prejudice at GD 18-7053. It should be noted Plaintiff was present before the argument but

left the room before his case was called. As evidenced by the April 5, 2019 order of this Court's colleague in the GD 18-7208 matter, this is something of a habit with Mr. Fischl. **Docket Entry #57.** In his Order, Judge Colville made it quite clear if the Plaintiff fails to appear for scheduled motions he would suffer sanctions.

On February 26, March 4, and March 25, 2019, Plaintiff filed "For Emergency Motion Reconsideration and Motion for Clarification of Order." On March 25, 2019, Plaintiff also filed "For Leave to File the Appeal Nual Pro Tunc (sic)" as well as a request to proceed *in forma pauperis*. On March 25, 2019, this Court granted Plaintiff's request to file with *in forma pauperis* status as well as reinstating his rights *nunc pro tunc*. The same day, this Court denied Plaintiff's Motion for Reconsideration. On March 27, 2019, this Court directed Plaintiff to file a 1925(b) statement. Plaintiff complied timely on April 8, 2019. On March 27, 2019, Plaintiff filed an "Emergency Motion to Appoint" which was denied on the same day. Plaintiff would eventually discontinue his first appeal.

In an attempt to clarify Plaintiff's position and get all parties "on the same page," this Court held a hearing on June 7, 2019 for both cases. Following this hearing, all of Plaintiff's claims were dismissed with prejudice. Plaintiff timely appealed.

### Argument

The Court dismissed Plaintiff's claims on preliminary objections. This Court is fully aware dismissal is rare, however this is the rare case where dismissal is appropriate. "To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff on the facts averred." *McGuire v. Shubert,* 722 A.2d 1087, 1090 (Pa. Super. 1998). This Court is clear and free from doubt and the Plaintiff's

complaints faced dismissal in these cases for a myriad of reasons which this Court will enumerate below:

## Failure to File Amended Complaint in GD 18-7208

Perhaps the most glaring reason for dismissal of the action at GD 18-7208 is Plaintiff's failure to file an amended complaint. Pursuant to Pa.R.C.P 1028(e): "If the filing of an amendment, an amended pleading, or a new pleading is allowed or required, it shall be filed within twenty days after notice of the order or within such other time the Court shall fix." Judge Colville granted preliminary objections in the GD 18-7208 matter on March 26, 2019 and allowed Plaintiff to amend (if he could). This means Plaintiff had until roughly April 25, 2019 to either file an amended complaint or request an extension. **Argument Transcript ("A.T.") June 7, 2019 at P15, L14-16.** Even if this Court were to grant Plaintiff *further* leave to amend, he would be unable to correct the fatal flaws in these cases.

## Plaintiff is Not A Party to Any Contract

When reviewing preliminary objections, facts that are well-pleaded, material, and relevant will be taken as true, together with reasonable inferences. *Mellon Bank N.A. v. Fabinyi,* 650 A.2d 895, 899 (Pa. Super. 1994). Preliminary objections in the nature of a demurrer should be granted where the contested pleading is legally insufficient. *Caltagirone v. Cephalon, Inc.,* 190 A.3d 596, 599 (Pa Super. 2018), *citing Cardenas v. Schober,* 783 A.2d 317 (Pa. Super. 2001).

Count I of Plaintiff's complaint contains bald allegations of breach of contract. Plaintiff does not clearly identify to which Defendant(s) this applies. It is well established there are three elements necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and (3) resultant damages.

*Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C., v. Law Firm of Malone Middleman, P.C.,* 6137 A.3d 1247, 1258 (Pa. 2016). The most obvious problem in Plaintiff's case and complaint is he has not identified a single contract to which he is actually a contracting party. Plaintiff attaches no contract in blatant violation of Pa.R.C.P. 1019(1). In each of these contracts the parties are the Defendants and Plaintiff's parents. Plaintiff therefore has no standing. It is fundamental contract law that one cannot be liable for breach of a contract unless one is a party to that contract. *Electron Energy Corp. v. Short,* 597 A.2d 175, 177 (Pa. Super. 1991). There simply is no viable claim for breach as one cannot breach a contract to which one is not a party. In the case of an insurance contract, a party to the contract is the one with standing to enforce the terms of the insurance contract. *Petty v. Hosp. Serv. Ass'n of Northeastern Pa.,* 23 A.3d 1004, 1013 (Pa. 2011).

There are some instances in which a third-party beneficiary does have standing, such as when a beneficiary under a will, would lose their intended legacy. *Guy v. Liederbach,* 459 A.2d 744, 751 (Pa. 1983) *see also Estate of Agnew v. Ross,* 152 A.3d 247, 259 (Pa. 2017). But the condition precedent to the life insurance contracts funding the trust (the death of Plaintiff's parents) has not yet occurred. The naming of a party as a beneficiary of a policy "vests nothing in that person" given the ability of the policy's owner to change the beneficiary at any time prior to the insured's death. *Equitable Life Assur. Soc. of U.S. v. Stitzel,* 445 A.2d 523, 525 (Pa. Super. 1982) *superseded on other grounds.* Plaintiff seems to disagree with the choice of his parents *not* to make him the trustee of the trust. This is the choice of his parents - as is their right. Plaintiff's claim simply makes no sense and is unable to make himself a party to these contracts. Therefore, the opportunity to amend would be pointless.

## Plaintiff Purchased No Goods or Services

Plaintiff in Count II of his complaint alleges harm under the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). In order to establish a *prima facie* case under the UTPCPL a consumer must plead and establish (1) he purchased or leased goods or services primarily for consumer purposes; (2) he suffered some ascertainable loss; and (3) the loss resulted from an unlawful method, act, or practice under the statute. *Toy v. Metropolitan Life Ins. Co.*, 928 A.2d 186 (Pa. 2007). Simply put, the Plaintiff never dealt with any of the Defendants. Any purchases were between Plaintiff's parents and the Defendants. The only parties with standing to sue would be Plaintiff's parents or in the case of their passing, perhaps the administrators of their respective estates. But as Plaintiff's parents are still alive, Plaintiff cannot pursue an action in their stead. This is not an issue which can be remedied via amendment to the complaint.

## Plaintiff Was Not Deprived of Property

In Count III of his Complaint, Plaintiff alleges a cause of action for conversion. Conversion is defined as "the deprivation of another's property rights in, or use or possession of, a chattel, without the owner's consent and without lawful justification." *Stevenson v. Economy Bank of Ambridge*, 197 A.2d 721, 726 (Pa. 1964). "A plaintiff has a cause of action in conversion if he or she has actual or constructive possession of a chattel at the time of the alleged conversion." *Pittsburgh Constr. Co. v. Griffith*, 834 A.2d 572, 581 (Pa. Super. 2003). Conversion is simply an elegant term for "civil theft." Plaintiff admittedly does not even know if he is a beneficiary of the trust in question. Plaintiff does not allege with any specificity (a) what was taken; (b) his legal right to the chattel; (c) the identity of who took (converted) the chattel; (d) the amount which was converted; and (e) how any of the actions of the trustees were without legal

justification. Plaintiff is attempting to stake ownership in something which no longer exists, namely a trust which lapsed in 1989. There is simply nothing to steal, the trusts are not funded until the passing of Plaintiff's parents. This flaw cannot be corrected via amendment.

## Lack of Subject Matter Jurisdiction

As a threshold matter, this Court lacks subject matter jurisdiction to hear Counts IV and V regarding fraudulent and negligent misrepresentation, as Plaintiff was not a party to the alleged misrepresentations. Plaintiff alleges misrepresentations were made to his father regarding life insurance contracts purchased by an irrevocable trust. If this is the case, Plaintiff cannot stand in his father's shoes. Even if he were able to do so, Plaintiff fails to allege any misrepresentations with any particularity. *Youndt v. First Nat'l Bank of Port Allegany*, 868 A.2d 539, 544 (Pa. Super. Ct. 2005); Pa.R.C.P. 1019(b)). Even *if* Plaintiff could allege a misrepresentation with specific particularity, he *cannot* make himself a party to the alleged misrepresentations as he *is not* a party to the contracts. He simply wasn't there. Therefore, amendment would be futile, and the claim must be dismissed.

## No Unjust Enrichment Due to Contract

In Count VI Plaintiff alleges unjust enrichment. This is simply not possible, as a party cannot maintain an unjust enrichment claim where a written or express contract exists. *Wilson Area School District v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006); *see also Lackner v. Glosser*, 892 A.2d 21, 34 (Pa. Super. Ct. 2006). Even assuming Plaintiff is pleading in the alternative the Superior Court has rejected unjust enrichment claims pled in the alternative where the Plaintiff also pleads the existence of a written contract. *Khawaja v. RE/MAX Central*, 151 A.3d 626, 633-34 (Pa. Super. Ct. 2016).

To sustain a claim of unjust enrichment Plaintiff must allege: (1) benefits conferred on defendant by plaintiff, (2) appreciation of such benefits by the defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C., v. Law Firm of Malone Middleman, P.C,* 179 A.3d 1093, 1102 (Pa. 2018), *citing Styer v. Hugo,* 619 A.2d 347, 350 (Pa. Super. Ct. 1993). The complaint articulates no specific benefit given to the Defendants by the Plaintiff, nor (assuming a benefit was conferred) is there any alleged facts supporting said retention to be unjust. Plaintiff alleges things such as "taking cash value guaranteed death benefits" and charging "future false premiums." There are no death benefits to be had, as his parents are still alive. This is obviously something amending the complaint will not change, therefore amendment is futile.

## Other Claims

Finally, in Count VII Plaintiff attempts to create a "catch-all" category to include any claims not specified. This is obviously an unacceptable form of advocacy, as no new claims are stated and appear to this Court to be reiterations of the preceding claims.

## Conclusion

For the above-mentioned reasons this Court humbly requests its decision to dismiss Plaintiff's complaints with prejudice be affirmed.

Respectfully submitted,

8/13/2019
Date

Hon. Philip A. Ignelzi