J-S39016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JIMI ROSE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOFFMAN INSURANCE | : | No. 743 EDA 2020 |
| CONSULANTS, MARK HOFFMAN, | : | |
| RYAN STOCKER, AND BASHKIM | : | |
| BOBBY HUSENAJ | | |

Appeal from the Order Entered February 4, 2020
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
No. 2017-C-1106

BEFORE:   LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 05, 2020**

Appellant, Jimi Rose, appeals *pro se* from the order entered on February 4, 2020 sustaining preliminary objections filed by Hoffman Insurance Consultants, Mark Hoffman, Ryan Stocker, and Bashkim Bobby Husenaj (collectively, Hoffman Insurance) and dismissing Appellant's complaint with prejudice.  The trial court determined that the doctrine of *res judicata* barred relitigation of issues previously decided by the United States District Court for the Eastern District of Pennsylvania (District Court) and subsequently affirmed by the Third Circuit Court of Appeals in **Rose v. Hoffman Ins. Consultants, LLC**, 2018 WL 3454930 (E.D. Pa. July 18, 2018), *aff'd*, 2019 WL 451277 (3d Cir. Jan. 30, 2019).  Upon careful review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

We briefly summarize the facts and procedural history of this case as follows. Appellant filed a *pro se* complaint against Hoffman Insurance in the Civil Division of the Court of Common Pleas for Lehigh County on August 27, 2019. Hoffman Insurance filed preliminary objections to the complaint and the trial court held argument on December 30, 2019. On February 4, 2020, the trial court sustained the preliminary objections and dismissed Appellant's complaint with prejudice.

In an opinion accompanying the February 4, 2020 order, the trial court reviewed **Rose v. Hoffman Ins. Consultants, LLC**, 2018 WL 3454930 (E.D.Pa. July 18, 2018) wherein the District Court dismissed a federal complaint filed by Appellant against the same parties herein. In the federal action, the District Court set forth the underlying facts as follows:

> [The] claims stem[med] from a fire at a property located [along] Hanover Avenue, Allentown, Pennsylvania, that [Appellant] owned and leased to [Bashkim Bobby] Husenaj so that Husenaj could operate an exotic night club. The property was damaged by the fire and [] Hoffman Insurance did not pay out the claim because it believed that [Appellant] set the fire.

**Rose v. Hoffman Ins. Consultants, LLC**, 2018 WL 3454930, at *1 (E.D.Pa. July 18, 2018). The District Court further stated:

> Upon review of the [a]mended [c]omplaint, which comprises long, single-spaced paragraphs and rambling, stream-of-conscious narrative, it is difficult to discern what claims are being alleged against whom. From what the [District] Court can decipher from the [a]mended [c]omplaint, construing it liberally, it appears to allege the following claims: violations of [] civil rights under 42 U.S.C. §§ 1981, 1985(3), 1986; violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962; [c]ommon [l]aw [f]raud; Pennsylvania's Unfair Insurance

- 2 -

Practices Act (UIPA), 40 P.S. § 1171.4; and Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S.. § 201-1.

*Id.* The District Court then addressed and dismissed each alleged federal cause of action separately.

Moreover, relevant to the instant appeal, the District Court also considered and dismissed Appellant's state law claims, including alleged common law fraud and violations of the UIPA and UTPCPL, for failure to state a claim. More specifically, the District Court determined that Appellant lacked standing under the UIPA. *Id.* at *5. In rejecting Appellant's common law fraud claim, the District Court determined that Appellant failed to "clearly state that there was a misrepresentation of material fact that led to the procurement of an insurance policy that did not pay out on a claim after a suspicious fire [or] that there was knowledge by [Hoffman Insurance] that the procured insurance policy would not pay out on a claim after a suspicious fire." *Id.* Finally, the District Court opined:

> [the complaint] fails to plead a UTPCPL claim. [The] allegations relevant to this claim include only conclusory statements such as "[Hoffman Insurance] used deceptive means to defraud" him and they "swindled tricked bamboozled [him] into believing he was merely the beneficiary of the policy and not the actual owner." [The complaint], however, pleads no particularized facts to support a claim that [Hoffman Insurance] made a representation that [was] justifiably relied on and [] harm [] result[ed from] that reliance. Construing the pleading liberally, the allegations in the [a]mended [c]omplaint do not plausibly give rise to an entitlement for relief under the UTPCPL.

*Id.*

The District Court further noted that, although it gave Appellant significant leeway to correct the deficiencies in his complaint, he nevertheless failed to state viable claims even after filing a third amended complaint and that additional amendment would not cure the defects. *Id.* Moreover, the District Court chronicled Appellant's history of frivolous federal litigation to support its conclusion barring future litigation of the same or similar frivolous federal claims. *Id.* at *5 n.5, *citing* **Rose v. Soc. Sec. Admin**, No. 15-6578 (E.D.Pa. Dec. 10, 2015); **Rose v. Morning Call Newspaper**, No. 15-2002 (E.D.Pa. Apr. 15, 2015); **Rose v. Pa. Liquor Control Bd.**, No. 13-5194 (E.D.Pa. Aug. 29, 2013); **Rose v. Pennsylvania**, 12-5765 (E.D.Pa. Oct. 9, 2012). Accordingly, the District Court dismissed, with prejudice, Appellant's federal complaint against Hoffman Insurance.

In the current matter, upon preliminary objection by Hoffman Insurance, the trial court compared the complaint filed herein with the complaint filed in District Court. It determined that, because the District Court considered and addressed all of Appellant's state law claims, the doctrine of *res judicata* applied and, therefore, it was proper to dismiss Appellant's complaint in this matter with prejudice. More specifically, the trial court noted:

> [t]he District Court found, and the Third Circuit Court of Appeals ultimately affirmed, that [Appellant], after given significant leeway to correct deficiencies, failed to state a claim and dismissed [Appellant's a]mended [c]omplaint in its entirety with prejudice. Additionally, the District Court took judicial notice of [Appellant's] history of frivolous litigation which supported its

conclusion that [Appellant] should not be given another opportunity to plead the same or similar frivolous claims.

\*　　\*　　\*

Upon review, it is clear that [Appellant's] complaint in [this matter] practically mirrors his complaints filed in the prior federal action[] and uses the same long, single-spaced paragraphs and rambling, stream-of-conscious narratives. Undoubtedly, the claims are based on the same underlying facts and parties as the prior action which the District Court dismissed with prejudice. Indeed, [Appellant] specifically states in his [c]omplaint that "this [c]ase was pending first in the United States District Court Eastern District of Pennsylvania" which indicates that he also believes the claims and causes of action are the same.

Therefore, [the trial c]ourt [found] the doctrine of *res judicata* [] applicable and [dismissed Appellant's complaint].

Trial Court Opinion, 2/4/2020, at 3. Accordingly, by order entered on February 4, 2020, the trial court sustained Hoffman Insurance's preliminary objections and dismissed Appellant's complaint with prejudice. This timely *pro se* appeal resulted.[1]

On appeal *pro se*,[2] Appellant argues, "the claims raised in federal court and the claims raised [herein] in state court were distinct." Appellant's Brief

_____

[1] Appellant filed a *pro se* notice of appeal on February 27, 2020. Pursuant to Pa.R.A.P. 1925(a), the trial court filed an opinion relying upon its February 4, 2020 decision.

[2] Initially, we note that Hoffman Insurance, in its brief to this Court, argues that that we should quash this appeal because Appellant's brief fails to adhere to various rules of appellate procedure. "We exercise our discretion by declining to take such action because effective appellate review has not been precluded by the deficiencies of [A]ppellant's brief." **O'Neill v. Checker Motors Corp.**, 567 A.2d 680, 681–682 (Pa. Super. 1989) (citation omitted). However, we are also mindful that "[w]hile this [C]ourt is willing to liberally

at 10. Appellant maintains that "[t]here was no reason to conclude the [c]ase was barred by the [d]octrine of *res judicata*[.]" ***Id.*** Appellant claims that he "never raised any state court claims in federal court." ***Id.*** at 7 (capitalization omitted). Alternatively, Appellant contends that "even if [he] had raised state court claims in federal court[,] the federal judge ought to have declined to consider those claims[.]" ***Id.*** at 8. Finally, Appellant claims the trial court merely assumed that Appellant believed the claims were the same when it cited his current complaint without holding "a [d]iscussion to find out what [] Appellant was thinking." ***Id.*** at 6.

> This Court has stated:
>
> our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it

---

construe materials filed by a *pro se* litigant, we note that [an] appellant is not entitled to any particular advantage because []he lacks legal training." ***Id.*** "[A]ny layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." ***Id.*** (citation omitted).

should be resolved in favor of overruling the preliminary
objections.

***Feingold v. Hendrzak***, 15 A.3d 937, 941 (Pa. Super. 2011) (citation and

brackets omitted).

Furthermore, we have explained:

Underlying the doctrine of *res judicata* is the principle that:

> Where parties have been afforded an opportunity to litigate
> a claim before a court of competent jurisdiction, and where
> the court has finally decided the controversy, the interests
> of the state and of the parties require that the validity of the
> claim and any issue actually litigated in the action not be
> litigated again.

Application of the doctrine of *res judicata* requires that the two
actions possess the following common elements: (1) identity of
the thing sued upon; (2) identity of the cause of action; (3)
identity of the parties; (4) identity of the capacity of the parties.

\* \* \*

A fundamental test applied for comparing causes of action, for the
purpose of applying principles of *res judicata*, is whether the
primary right and duty, and delict or wrong, are the same in each
action. Under this test, there is but one cause of action where
there is but one right in the plaintiff and one wrong on the part of
the defendant involving that right.

Identity of two causes of action may be determined by considering
the similarity in the acts complained of and the demand for
recovery as well as the identity of the witnesses, documents and
facts alleged. In determining whether *res judicata* should apply,
a court may consider whether the factual allegations of both
actions are the same, whether the same evidence is necessary to
prove each action and whether both actions seek compensation
for the same damages.

\* \* \*

The application of the doctrine of *res judicata* to identical causes
of action does not depend upon the identity or differences in the
forms of the two actions. A judgment upon the merits bars a

subsequent suit upon the same cause, though brought in a different form of action, and a party therefore cannot, by varying the form of action or adopting a different method of presenting his case, escape the operation of the principle that one and the same cause of action shall not be twice litigated.

***Kelly v. Kelly***, 887 A.2d 788, 792 (Pa. Super. 2005) (internal citations and quotations omitted).

Moreover, we have stated:

> Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits by a court of competent jurisdiction will bar any future action on the same cause of action between the parties and their privies. **The doctrine therefore forbids further litigation on all matters which might have been raised and decided in the former suit, as well as those which were actually raised therein**. Similarly, [t]he doctrine of collateral estoppel or issue preclusion prevents a question of law or an issue of fact that has once been litigated and fully adjudicated in a court of competent jurisdiction from being relitigated in a subsequent suit.

***Mariner Chestnut Partners, L.P. v. Lenfest***, 152 A.3d 265, 286 (Pa. Super. 2016) (internal citations and quotation marks omitted).

While *res judicata* and collateral estoppel apply to bar relitigation of claims or issues in a subsequent action that were subject to a final judgment in a prior action, the law of the case doctrine exists to prevent a party from relitigating claims or issues that have been resolved previously within the same action, either in a prior appeal or by a judge of coordinate jurisdiction. ***Zane v. Friends Hosp.***, 836 A.2d 25, 29 (Pa. 2003) ("Among rules that comprise the law of the case doctrine are that: (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court; and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by

the transferor trial court." (internal quotation marks and citation omitted)).

All three doctrines are based upon similar policy determinations, including the idea that a party should not get a second bite at the apple when he or she had a full and fair opportunity the first time. *See*, *e.g.*, *Lebeau v. Lebeau*, 393 A.2d 480, 482 (Pa Super. 1978) ("The policies underlying both [*res judicata* and collateral estoppel] are the same: to minimize the judicial energy devoted to individual cases, establish certainty and respect for court judgments, and protect the party relying on the prior adjudication from vexatious litigation."); *Plaxton v. Lycoming Cty. Zoning Hearing Bd.*, 986 A.2d 199, 208 (Pa. Cmwlth. 2009) ("Collateral estoppel is based on the policy that a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise.") (citation and internal quotation marks omitted); *Commonwealth v. Gacobano*, 65 A.3d 416, 419–420 (Pa. Super. 2013) ("The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy ... but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.").

*Pollock v. Nat'l Football League*, 171 A.3d 773, 781–782 (Pa. Super. 2017) (emphasis added).

Finally, "[w]here [a] complaint makes repeated references to [a] prior [] action and contains facts and issues pleaded by the prior action, the affirmative defense of *res judicata* is properly raised by preliminary objections." *Del Turco v. Peoples Home Sav. Ass'n*, 478 A.2d 456, 461 (Pa. Super. 1984).

Initially, we note the District Court determined that, in his federal complaint, Appellant pled state claims of common law fraud and violations of the UIPA and UTPCPL. These causes of action are state claims. *See Fazio v.*

*Guardian Life Ins. Co. of Am.*, 62 A.3d 396, 411 (Pa. Super. 2012) (common law fraud and claims brought pursuant to the UTPCPL are separate and legally distinct under Pennsylvania law); 73 P.S. § 201; 40 P.S. § 1171.1. Moreover, the United States Supreme Court has determined "a federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988), *citing* *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Here, the District Court exercised its jurisdiction and considered Appellant's state law claims. The Third Circuit found no error in those decisions. Thus, we reject Appellant's claims that he did not raise state claims before the District Court, or that the District Court lacked jurisdiction over his state law causes of action.

Furthermore, we reject Appellant's claim that he presented distinct causes of action in his federal and state complaints. Here, there is no dispute that Appellant's current complaint and his federal complaint share the same identity of parties, capacity of parties, and thing sued upon pursuant to the first, third, and fourth elements of the *res judicata* test, as set forth above. Regarding the identity of the causes of action, the trial court determined that Appellant's current complaint "practically mirror[ed]" his federal complaint. Trial Court Opinion, 2/4/2020, at 3. Upon side-by-side comparison of the federal action with the complaint herein, we agree. In both actions, there is

- 10 -

factual identity in terms of the acts complained of and the demand for recovery, as well as the identity of the witnesses, documents, and the facts alleged. Similar to his federal lawsuit, the complaint *sub judice* stemmed from a fire at a property located along Hanover Avenue, Allentown, Pennsylvania, a property owned by Appellant. Complaint, 8/27/2019, at *1, ¶5 (unpaginated). Appellant alleges that the same parties named in the federal complaint engaged in fraudulent conduct in the issuance of insurance coverage for that property and that he did not recover the full value of his damages from the fire, as a result. *Id.* at ¶¶ 5-30. In fact, in the current complaint, Appellant uses language identical to that employed in his federal complaint, *i.e.* that he was "swindled, tricked, [and] bamboozled[.]" *Id.* at ¶ 9. Finally, it is clear that Appellant sought compensation for the same damages demanded in the District Court action.

The District Court dismissed Appellant's federal complaint and specifically examined, and rejected, the state claims Appellant presented therein, determining that Appellant failed to raise cognizable causes of action. Any challenge to the District Court's decision, in this regard, was properly before the Third Circuit Court of Appeals. This Court ought not revisit those federal decisions. Moreover, while Appellant baldly claims on appeal that he raised distinct federal and state claims in his two complaints, he does not identify them. In fact, Appellant does not rely upon his current complaint to show there were purportedly unresolved claims. Instead, Appellant faults the trial court for making assumptions about the record. Notwithstanding, our

own straight-forward comparison of Appellant's two complaints reveals that Appellant raised identical causes of action seeking identical damages against identical parties. Hence, the trial court properly dismissed the current complaint under the principle of *res judicata*. Accordingly, Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/5/20