J-S53018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN J. VENNELL | : | |
| | : | |
| Appellant | : | No. 1085 EDA 2020 |

Appeal from the PCRA Order Entered April 8, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003387-2018

BEFORE:  SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:     **FILED:  FEBRUARY 26, 2021**

Johnathan Vennell appeals, *pro se*, from the order, entered in the Court of Common Pleas of Chester County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and granting counsel permission to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).  Vennell was found guilty, after a jury trial, of four counts of aggravated assault[1] and one count each of simple assault,[2]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a).

[2] 18 Pa.C.S.A. § 2701(a).

terroristic threats,[3] and resisting arrest[4] following an incident in which he drunkenly struck, kicked, bit, head-butted, spat on, and threatened to kill police officers and emergency medical service personnel. Because the deficiencies in Vennell's appellate brief impede our ability to meaningfully review his claims, we dismiss his appeal.

Pursuant to Pa.R.A.P. 2101:

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101. We also bring Rule 2119 to Vennell's attention. That rule provides, in relevant part:

Rule 2119. Argument.

(a) *General rule.*—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—**the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.**

(b) *Citations of authorities.*—Citations of authorities in briefs shall be in accordance with Pa.R.A.P. 126 governing citations of authorities.

(c) *Reference to record.*—If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, **the argument must set forth, in immediate**

---

[3] 18 Pa.C.S.A. § 2706(a).

[4] 18 Pa.C.S.A. § 5104.

**connection therewith, or in a footnote thereto, a reference to the place in the record** where the matter referred to appears (*see* Pa.R.A.P. 2132).

(d)  *Synopsis of evidence*.—When the finding of, or the refusal to find, a fact is argued, the argument must contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found.

Pa.R.A.P. 2119 (emphasis added).

Vennell argues 27 issues across 7 pages in his appellate brief, alleging the ineffectiveness of both trial counsel and PCRA counsel.  Many of Vennell's arguments are as short as one sentence, and fewer than half of them contain any citation whatsoever to the record or to any legal authority.  **See** Brief of Appellant, at 7-13.  In addition, Vennell completely fails to identify the particular point being argued before discussing each of his 27 issues.  **See id.** We recognize that Vennell is *pro se*, however, as noted in **Commonwealth v. Rivera**, 685 A.2d 1011 (Pa. Super. 1996):

While this court is willing to liberally construe materials filed by a *pro se* litigant, [an] appellant is not entitled to any particular advantage because []he lacks legal training.  As our [S]upreme [C]ourt has explained, "any layperson choosing to represent [him]self in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove [his] undoing."

**Id**. at 1013 (quoting **O'Neill v. Checker Motors Corp.**, 567 A.2d 680, 682 (Pa. Super. 1989)).  The **Rivera** court explained that "we decline to become the appellant's counsel.  When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for

review[,] a Court will not consider the merits thereof." ***Id.*** (quoting ***Commonwealth v. Sanford***, 445 A.2d 149, 150 (Pa. Super. 1982)).

In light of Vennell's failure to substantially comply with the Pennsylvania Rules of Appellate Procedure, we conclude that we are unable to conduct a meaningful review. Accordingly, we dismiss the appeal. ***See*** Pa.R.A.P. 2101.

Appeal dismissed.[5]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/21

---

[5] We note that even if we declined to dismiss Vennell's appeal, he would be entitled to no relief on his ineffectiveness claims because he did not attempt to plead and prove actual prejudice (i.e., but for counsel's act or omission, the outcome of the proceeding would have been different). ***See*** Brief of Appellant, at 7-13; ***see also Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (to prove counsel ineffective, petitioner must show: (1) underlying claim has arguable merit; (2) counsel had no reasonable basis for action or inaction; and (3) petitioner suffered actual prejudice as a result. If petitioner fails to prove any prong, his claim fails.).